JOHN H. KIDD ET AL., PROSECUTORS, v. THE BOARD OF EXCISE OF THE CITY OF ELIZABETH ET AL.

Argued February Term, 1909—Decided May 20, 1909.

The right to a renewal of a license to sell intoxicating liquors in cities of the second class upon the petition of an applicant, without the recommendation of freeholders, is confined to the person to whom the license was originally granted, and a transferee of such license for an unexpired term is not entitled to such renewal. In his case it is an application for a new license and he must furnish the certificate of the required number of freeholders.

On *certiorari.*

For the prosecutors, *Charles Wagner* and *Sidney W. Eldridge.*

For the board of excise, defendant, *James C. Connolly.*

For Joseph Brazaikas, defendant, *John J. Stamler.*

The opinion of the court was delivered by

BERGEN, J. The writ of *certiorari* was allowed in this case for the purpose of reviewing the proceedings of the board of excise of the city of Elizabeth in transferring a saloon license, and was heard before a single judge by consent of counsel. The case presented is this: On May 2d, 1907, Joseph Peatokas applied to the board of excise of the city of Elizabeth for a license to sell malt liquors and wines at No. 208 First street. The application purports to be signed by the requisite number of freeholders and the license applied for was granted to expire in one year, from June 5th, 1907. The prosecutor claims to have shown that some of the persons who signed the recommendation were not qualified, but I am not disposed to consider these objections at this late date, and for the purposes of this case will assume that the license was regularly issued according to legal requirements. This license was, on October 31st, 1907, transferred by the licensee to one August Grablin, and although his application appears to bear the signatures of freeholders as recommending the applicant, it is admitted that the list of names attached to the application is only a copy of the names of those who had signed the original application, which every applicant for a transfer is required, by the rules of the board, to file with the city clerk, and was merely an application for a transfer of an old, and not the granting of a new, license. Nor was it a renewal of a license about to expire, because the minutes of the excise board show that the only action taken by it was the transfer of the license which would expire on June 5th, 1908. Some time previous to the latter date Grablin presented his application for a re-

newal of the license granted to Peatokas, without the recom-
mendation of freeholders, and on June 4th, 1908, the excise
board granted the application, and the next day a certificate
of the license was issued to him to be effective until June 5th,
1909. The next step was a sale of the business by Grablin to
Joseph Brazaikas, who applied to the board of excise, not only
to transfer the license from Grablin to him, but the place of
business, from the building where it was then carried on, to
another place in the same city, which application was granted,
and it is this transfer which the prosecutor challenges upon
several grounds, but the only one I think it necessary to con-
sider is that Grablin had no license to be transferred, because
as transferee from the original licensee he was not entitled to
have the license renewed under the statute which permits
renewals without the recommendation of freeholders.

The latest act relating to such renewals in cities of the
second class, in which the city of Elizabeth belongs, to which
my attention has been called, is that of February 10th, 1891
(*Pamph. L., p.* 12), which provides that in all cities of the
second class, after a license has once been granted to any per-
son or persons at any place in such license designated, it shall
not be requisite, in order to give jurisdiction to grant re-
newals of such licenses, that a new application recommended
by freeholders shall be first signed and presented to such
board, but that the filing with the body or board authorized
to grant and renew licenses in any such city, of a petition for
renewal, signed by the applicant, accompanied by a new bond
of the same tenor as accompanied the first application, shall
confer the power upon such a board to renew such license for
the term of one year, but the freeholders who may have
recommended the former application shall not be eligible
signers for any new application for the term of one year from
the granting of such renewal.

I have reached the conclusion that such right of renewal
is not vested in a transferee of the original license, and can
only be availed of by one who has already supplied the body
empowered to grant licenses with the recommendation, as re-
quired by law, that he is a sober and honest man. This recom-

mendation is a jurisdictional requirement in the first instance, and the legislature, while intending to extend the benefit of that recommendation as a basis for one renewal, cannot be supposed to have intended to waive it in the case of another person, without clearly displaying such intention in the law. Nothing of that kind appears in the act; on the contrary, it says that after a license has once been granted to any person or persons it may be renewed without the recommendation of freeholders upon a petition signed by the applicant, upon condition that a new bond be given of the same tenor as that which accompanied the first application. In order to confer jurisdiction upon any such body to grant a license to sell liquors it is necessary that an application be presented by the person desiring the license with a certificate, signed by a required number of freeholders, that the applicant has the qualifications which the law requires, and to hold that a transferee may, without any such certificate, renew in his name the original license, is not warranted either by the letter or spirit of the law which has regard to the character for sobriety and honesty of the applicant. Nor have I overlooked the fact that the legislature has permitted a transfer of the unexpired term of a license without in terms requiring any such certificate from the transferee. The right of the legislature to regulate the sale of intoxicating liquors is absolute, and it may have intended, but this is not free from doubt, that a transferee might use a license for an unexpired term without any recommendation, in cities of the second class, but the transfer of an existing license is not the granting of a new one. It merely confers upon the licensee the power to exercise the right under the license granted to another until its expiration. When that period expires all that has been transferred is at an end; and the rights of the transferee thereunder are terminated. He is not the person to whom a license has once been granted as contemplated and intended by the law, and he has nothing to renew.

Under the views which I have expressed Grablin was not entitled to a renewal of his license in June, 1904, and the board of excise exceeded their power in undertaking to renew

it, and therefore he had nothing to transfer to the person now claiming the right to sell by virtue of a transfer of a license from Grablin to him, and the proceedings approving such transfer should be set aside, with costs.